UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

and

ALBERT DANIELS,

Plaintiff/Intervenor,

v.

BAUER BUILT, INC.,

Defendant.

Civil Action No. 01-CV-1355 JRT/FLN

**CONSENT DECREE**

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on July 26, 2001, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. In its complaint, the EEOC alleges that Defendant Bauer Built, Inc. ("Defendant") discriminated against Albert Daniels by subjecting him to a racially hostile work environment, and constructively discharging him. Daniels intervened in the lawsuit.

Defendant denies that it has committed any of the violations alleged by the EEOC and Daniels. The EEOC, Defendant, and Daniels (hereinafter referred to as "the parties") have agreed to settle these claims in order to reach an amicable resolution of this matter and avoid further litigation. The terms of the agreement are set forth below.

I. Monetary Relief

A. Settlement Amount

Defendant agrees to settle this case for a total of $193,000, which is to be paid as specified in the separate Settlement Agreement entered into between Daniels and Defendant.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

II. Non-Monetary Terms

A. Compliance with Title VII

Defendant agrees that it will not condone or tolerate acts of race discrimination and/or racial harassment as prohibited by 42 U.S.C. §2000e, et. seq. Defendant also agrees that it will not condone or tolerate acts of retaliation against any employee or former employee for exercising the right to oppose any practice made unlawful by Title VII, and to make a charge, testify, assist, or participate in an investigation, proceeding or hearing under 42 U.S.C. §2000e et. seq.

B. Impact Upon the EEOC's Processing

The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation based upon allegations not included in the above-captioned case.

C. Training

Defendant shall provide training, specifically on racial harassment and race discrimination, to all of its personnel at its St. Paul tire center, including supervisors, managers and administrators, and agrees to continue to provide orientation to new employees at its St. Paul tire center, at its expense, relating to Defendant's obligation to maintain a work environment free from discrimination and harassment on the basis of race and regarding Defendant's obligation not to retaliate against individuals who complain about discrimination in the workplace. This training will also instruct all employees at its St. Paul tire center on the policies and procedures of reporting, responding to, and investigating claims of race discrimination including harassment. Defendant in its discretion will determine the content and presentation of the training required by this paragraph.

D. Creation and Dissemination of Anti-Discrimination Policy

Defendant shall certify to the EEOC that it has an anti-discrimination and anti-harassment policy (the "Policy"). The Policy will specifically outline procedures for reporting and investigating complaints of race discrimination and will include the names of persons to whom discrimination complaints should be made. If no such policy exists,

Defendant shall create such a policy within 30 days after entry of this Consent Decree by the Court . The Policy shall be disseminated to all employees of the St. Paul tire center.

E. Posting of Notice

Defendant agrees to post the notice (Exhibit A hereto) in St. Paul tire center in a clear and conspicuous location customarily used for the posting of employee notices. Defendant agrees to post this notice within five calendar days of entry of this Consent Decree by the Court, for 90 consecutive calendar days.

F. Removal of References to EEOC Charge/Lawsuit from Personnel File

Defendant shall remove from Daniels' personnel file any record or indication that relates to his charge filed with the EEOC, the investigation, litigation, or resolution of the charge.

G. References

When and if Defendant's management or Human Resources Department is contacted by a prospective employer of Daniels for an employment reference, Defendant shall follow its policy of stating dates of employment and positions held.

H. Record-keeping and Reporting

For three years from the entry of this Consent Decree by the Court, Defendant shall document and maintain records related to every complaint that any person designated by the Policy to receive complaints receives from any employee of the St. Paul tire center alleging racial harassment or race discrimination. During this period, Defendant shall also provide the EEOC with semi-annual reports, with the first report being due five months after the entry of this Consent Decree by the Court. Defendant shall provide the Commission with a report every six months thereafter throughout the term of this Decree. The reports shall provide, to the extent known by Defendant, the following information for each complaint of the type referred to above: the name, address, telephone number, and social security number of all employees at Defendant's St. Paul tire center, if any, who, during the reporting period, made a complaint of the type referred to above; the date and nature of each such complaint; the identity of each person to whom each such complaint was made; and the action taken by

Defendant in response to each such complaint. Finally, the EEOC may inspect Defendant's premises, interview employees, and examine and copy documents related to any such complaints. The EEOC shall give Defendant written notice one week prior to coming on the premises for inspection.

I. Enforcement of Consent Decree

If at any time while this Consent Decree is in effect, the EEOC believes that a violation of this Consent Decree has occurred, prior to exercising its right to move to compel enforcement, the EEOC shall give written notice detailing the perceived violation to Defendant. Defendant shall have thirty (30) days from receipt of written notice to investigate and respond in writing to the allegation that a violation has occurred. Thereafter, the parties shall have a period of thirty (30) days, or such additional period as may be agreed upon in writing by them, in which to engage in negotiation and conciliation regarding any alleged violation before the EEOC may move to compel compliance.

J. Certification to the EEOC

Within 10 calendar days following compliance with the posting, training, and Policy creation/dissemination provisions of this Consent Decree, Defendant will notify the EEOC of such compliance through a letter from an appropriate representative.

K. No Other Agreements

This Consent Decree, the Release by Daniels, and the Settlement Agreement constitute the sole agreement between and among the parties concerning the settlement of this action. The parties agree that no promises or inducements have been made except as set forth in this Consent Decree, the Release by Daniels, and the Settlement Agreement, and that there are no other agreements, written or oral, express or implied, between or among the parties concerning the subject matter of this lawsuit.

L. Enforcement of Terms of Consent Decree and Jurisdiction

Upon execution of the Consent Decree by the parties, the parties will execute a Stipulation for Dismissal with Prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), to dismiss this case without costs or attorneys' fees to any party, with the Court to reserve jurisdiction to

enforce the terms of the Consent Decree. The affirmative obligations under this Consent Decree shall be effective and binding upon the parties for the period of three years from its entry by the Court. The Court shall retain jurisdiction of this action for the purpose of enforcing this Consent Decree and entry of such further orders as may be necessary or appropriate for the same period of time, except that, if any party has, prior to the expiration of the three-year period, commenced proceedings to compel compliance, this Court will retain jurisdiction of the action until all issues relating to such compliance proceedings have been resolved. At the end of the three-year period, or as soon as all enforcement issues (if any) have been resolved, whichever occurs last, this Consent Decree will automatically expire and will have no further force or effect.

**STIPULATION**

I have read the foregoing Consent Decree, and accept and agree to the provisions contained therein.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By ______________________ Date May 16, 2002
Jean P. Kamp
Regional Attorney

By ______________________ Date May 15, 2002
Tina Burnside
Senior Trial Attorney

Equal Employment Opportunity Commission
Minneapolis Area Office
330 S. Second Ave., Suite 430
Minneapolis, MN 55401

*Attorneys for Plaintiff EEOC*

ALBERT DANIELS

By Kathryn M. Engdahl (signature)

Kathryn M. Engdahl, 163995
METCALF, KASPARI, HOWARD,
ENGDAHL & LAZARUS, P.A.
333 Parkdale Plaza
1660 S. Highway 100
Minneapolis, MN 55416-1531
(612) 591-9444

*Attorneys for Plaintiff-Intervenor*

Date May 14, 2002

BAUER BUILT, INC.

By Steven R. Anderson (signature)

Steven R. Anderson, #2380
Holly M. Robbins, #260381
FAEGRE & BENSON LLP
2200 Wells Fargo Center
90 S. Seventh Street
Minneapolis, MN 55402
(612) 766-7000

*Attorneys for Defendant*

Date May 14, 2002

**ORDER**

SO ORDERED this 24th of May, 2002.

John R. Tunheim
United States District Judge

# NOTICE TO EMPLOYEES

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | |
| Plaintiff, | |
| and | |
| ALBERT DANIELS, | Civil Action No. 01-CV-1355 JRT/FLN |
| Plaintiff/Intervenor, | **CONSENT DECREE** |
| v. | |
| BAUER BUILT, INC., | |
| Defendant. | |

This Notice is being posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission (EEOC), Albert Daniels, and Bauer Built, Inc. A charge was filed with the EEOC alleging that Bauer Built, Inc. violated Title VII of the Civil Rights Act of 1964 by discriminating against an employee. Although Bauer Built, Inc. contends that it did not intend to discriminate against any employee, as part of the agreement, Bauer Built, Inc. has agreed to take the following steps:

1. Without admitting any violation of the law in the past, Bauer Built, Inc. agrees not to engage in any type of discrimination, intimidation, or retaliation prohibited by Title VII.

2. Bauer Built, Inc. will provide training to the employees of the St. Paul tire center including supervisors, managers, and administrators in regard to its policies forbidding any such discrimination, intimidation, or retaliation and providing for disciplinary action against violators.

3. Bauer Built, Inc. will disseminate its anti-discrimination and anti-harassment policies to all of the employees of the St. Paul tire center outlining that discrimination and harassment, specifically on the basis of race, is prohibited.

**EXHIBIT A**

The EEOC enforces Title VII, which prohibits job discrimination based on race, color, religion, sex or national origin, the Age Discrimination in Employment Act, the Equal Pay Act, prohibitions against discrimination against individuals with disabilities in the federal sector, sections of the Civil Rights Act of 1991, and Title I of the Americans with Disabilities Act, which prohibits discrimination against people with disabilities in the private sector and state and local governments. The Minneapolis office of the EEOC is located at 330 S. Second St., Suite 430, Minneapolis, MN 55401. The office is open from 8:00 a.m. to 4:30 p.m., Monday through Friday. Persons interested in contacting the EEOC may do so either by visiting or writing or by calling (612) 335-4040.

M1:867739.03

**EXHIBIT A**